IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,

    v.

MARCUS KILGORE,

                Defendant.

OPINION AND ORDER

08-cr-38-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Under what circumstances may a defendant withdraw his plea of guilty? This is the question defendant Marcus Kilgore raises in his motion to withdraw the plea he entered on June 12, 2008 to the charge of being a felon in possession of a firearm. His sentencing has been postponed pending resolution of his motion and new counsel has been appointed to represent him on his challenge to the plea he entered with the advice of counsel.

      In an affidavit that defendant submitted in support of his motion, he avers that at the time of his June 12, 2008 plea hearing, he was exhausted, nervous, shaky, fearful, confused, hopeless, depressed and abandoned because his retained attorney had convinced him that he could not receive a fair trial because of his race. Moreover, he avers, he believed he was innocent. I am persuaded that defendant's claim of innocence is not one on which he could

1

prevail at trial, but I will set the matter for a hearing to determine whether defendant entered his plea involuntarily, either because his attorney had convinced him that his race would prevent him from receiving a fair trial or for any other reason.

At defendant's plea hearing, the government laid out in detail what it would have been prepared to prove had defendant's case gone to trial. This included evidence that on January 30, 2008, a Smith & Wesson Model 647-2 .38 caliber revolver loaded with two rounds of .38 caliber Special Winchester ammunition had been found in a snowbank near 1205 Whispering Pines Way in Fitchburg, Wisconsin. Jessie Pennington would have testified that she lived in an apartment at that address, that both defendant and his brother Prentice Kilgore had been at her apartment on January 30 when Prentice had shot himself accidentally with a gun. According to Pennington, defendant had persuaded his brother to go to the hospital for treatment of his injury and had taken possession of the revolver, took it out of the apartment and threw it into a snowbank. The government added that it would have introduced a statement by defendant, given on February 24, 2008, in which he admitted taking the revolver from his brother and emptying shell casings from it, leaving live rounds, carrying the gun out of the apartment and giving it to Pennington, who put it into the snowbank. On March 4, 2008, defendant provided a written statement to the police, admitting again that he had taken the revolver out of the apartment. The government stated that it would be able to prove that the gun and ammunition were manufactured outside the

2

state and that defendant had been convicted of a felony in 2005.

After the government made its offer of proof at the plea hearing, I asked defendant whether he thought there was anything the government had gone over that it would be unable to prove at trial. His answer was "yes"; when pressed, he said he did not think it could prove that he was the one who threw the gun in the snowbank and not Pennington. Before giving that answer, he consulted with his retained counsel off the record. Upon further questioning by the court, defendant said that he believed he had been justified in taking possession of the gun. His attorney confirmed that defendant had been reluctant to agree to a plea because of his belief that his actions after his brother had shot himself were necessary under the circumstances. Defendant added that he took the gun from his brother, emptied it and set it on the bathroom counter while he tended to his brother. Neither defendant nor his attorney mentioned anything about race or not anticipating a fair trial.

Defendant's decision to plead guilty rather than go to trial on a justification defense was an objectively reasonable one. With the possible exception of his initial decision to take the gun from his brother immediately after the inadvertent shooting, defendant's actions would not have supported a defense to the charge against him. United States v. Panter, 688 F.2d 268, 271-72 (5th Cir. 1982) (defense of necessity protects defendant for only so long as danger exists; possession for any significant time thereafter violates statute), cited with approval in United States v. Mahalick, 498 F.3d 475, 479 (7th Cir. 2007). Defendant kept

3

his brother's revolver the entire time that he and others were trying to persuade his brother to go to the hospital. Having done so, he has no claim to a defense of necessity.

If defendant had been intent on limiting the time he possessed the gun, he had a number of options. He could have called the police and given the gun to them; he could have turned it over immediately to another adult who was not prohibited from possessing it (from his description at the plea hearing and later in his briefs in support of his motion to withdraw his plea, it appears there were a number of people present in the apartment when the gun went off); or he could have put the gun away someplace out of the reach of any children. Instead, he took the time to empty the shell casings, kept the gun in sight or in his actual possession for at least an hour and then carried it outside the apartment. His actions are far more indicative of a person whose main interest is in preventing law enforcement from learning of the gun and the shots fired from it than of someone interested in protecting others. In any event, the facts to which defendant has admitted would not support an affirmative defense of necessity or any other form of justification.

Defendant cannot withdraw his plea on the ground of legal innocence. His only possible ground for withdrawal is to show that he entered his plea involuntarily. On that point, he has done nothing more than aver that his attorney told him he had no chance to prevail at trial because of his race. Ordinarily, I would require defendant to submit a more detailed affidavit, setting forth when and where his attorney made these statements to him,

4

exactly what was said and whether anyone else was present to hear the statements. Because this matter has been pending so long, however, I do not want to draw it out any longer. We will go forward with a hearing.

ORDER

IT IS ORDERED that a hearing to determine the voluntariness of defendant Marcus Kilgore's plea will be held on Friday, January 2, 2009, at 1:00 p.m.

Entered this 17th day of December, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge